UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                    Chapter 13
Jerry Lee Jiter and                                      Case No. 10-37421-svk
Lynn Marie Jiter,
        Debtors.

**DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION**

The Trustee objected to the Debtors' Chapter 13 Plan because it includes priority claims in the calculation of payments to unsecured creditors, and accordingly violates the disposable income requirement of 11 U.S.C. § 1325(b)(1)(B). The Debtors argue that the requirement to dedicate disposable income to "unsecured creditors" is not limited to general unsecured creditors, and is satisfied by payment to priority unsecured creditors.

The facts are simple and undisputed. Jerry and Lynn Jiter (the "Debtors") filed a Chapter 13 petition on October 28, 2010. Their income is above the Wisconsin state median, and therefore their expense deductions are governed by 11 U.S.C. § 707(b)(2)(A) and (B). Two of those deductions drew objections from the Trustee, but at the hearing on the Trustee's Objection to confirmation, the Trustee pointed out that even if the Debtors' questionable deductions are allowed, the bottom line disposable income exceeds $50,000 over the life of the Plan, but the Debtors' Plan only proposes to pay $29,000 to their unsecured creditors. The Debtors contend that a $24,000 priority tax claim can be added to the $29,000 to satisfy the projected disposable income requirement.

The same issue was raised in *Renteria v. Skelton (In re Renteria)*, 420 B.R. 526 (S.D. Cal. 2009). The debtors argued that all unsecured creditors, including priority unsecured creditors, could share in the distribution of disposable income and satisfy the requirements of Bankruptcy Code § 1325(b)(1)(B). That section provides that, if the trustee or an unsecured creditor objects, a plan may be confirmed only if the plan provides that all of the debtor's projected disposable income "will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B). The court in *Renteria* pointed out that to reach the disposable income bottom line on Form B22C, the debtors already carved out payments to priority creditors:

> To then allow priority unsecured creditors to receive a distribution
> from Debtors' disposable income under the Chapter 13 plan would
> mean that priority unsecured creditors receive payment from two
> sources, i.e., the carve-out and Debtors' Chapter 13 plan. The
> practical effect of this outcome would be that not all of Debtors'
> disposable income would be used to pay unsecured creditors
> because, after the priority unsecured creditors are paid from
> Debtors' disposable income, the carveout from the disposable

> income that was originally intended for those creditors would
> remain.

420 B.R. at 529. *See also In re Johnson*, 408 B.R. 811 (Bankr. W.D. Mo. 2009) (collecting cases and holding disposable income must be dedicated to general unsecured creditors); *In re Echeman*, 378 B.R. 177 (Bankr. S.D. Ohio 2007) (when read in context, § 1325(b)(1)(B) refers to nonpriority unsecured creditors).

In this case, to reach their monthly disposable income of $843.17, the Debtors already deducted $407.12 for their estimated pre-petition priority claims. To dedicate their disposable income to those same priority claims would indeed be double counting the priority claims. That double counting causes the Plan to fail the disposable income test which requires that all disposable income must be paid to general unsecured creditors. The minimum amount that must be dedicated to unsecured creditors is $50,590.20 ($843.17 multiplied by 60). While the Debtors' attorney's fees may properly share in this distribution, *see Johnson*, 408 B.R. 811, 814 n.11, the priority tax claim cannot be included, as the tax claim has already been counted in determining disposable income.

The Trustee's Objection to confirmation is sustained, and the Debtors may have 30 days to file an amended Plan or this case will be dismissed.

It is so ordered.

Dated: February 3, 2011

By the Court:

*Susan Kelley*

Susan V. Kelley
U.S. Bankruptcy Judge